Notice

Decision filed 03/22/06. The text of

this decision may be changed or

corrected prior to the filing of a

Petition for Rehearing or the

disposition of the same.

NO. 5-05-0250

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| JANE SMITH, as Special Administrator of the Estate of Wilfred Smith, Deceased, | ) Appeal from the<br>) Circuit Court of<br>) Perry County. |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 04-L-42 |
| | ) |
| WILLIAM BARTLEY, M.D., | ) |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| HEALTHLINE MANAGEMENT, INC., | ) Honorable |
| | ) James W. Campanella, |
| Defendant. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

On January 24, 2003, Jane Smith (the plaintiff), as the special administrator of the estate of Wilfred Smith, deceased, filed a wrongful death/medical malpractice action in the circuit court of Perry County against William Bartley, M.D. (the defendant), and Healthline Management, Inc., the defendant's employer.[1] The complaint alleged that the plaintiff's decedent had died on January 28, 2001, as a result of the defendant's medical malpractice. Attached to the complaint was the affidavit of the plaintiff's attorney, required by section 2-

_____

[1]Healthline Management, Inc., is not a party to this appeal.

1

622(a)(2) of the Illinois Code of Civil Procedure (the Code) (735 ILCS 5/2-622(a)(2) (West 2002)), stating that the plaintiff had not previously voluntarily dismissed the same action and that her attorney had been unable to obtain the consultation required by section 2-622(a)(1) of the Code (735 ILCS 5/2-622(a)(1) (West 2002)) because a statute of limitations would impair the action and the consultation could not be obtained before the expiration of the statute of limitations.

The defendant was served with a summons on March 31, 2003. The defendant did not enter an appearance, and no further proceedings were had on the complaint until August 26, 2003, when the plaintiff filed a motion to voluntarily dismiss the complaint. The defendant was not given notice of the filing of the motion, and no hearing was held thereon. Through inadvertent delay, the motion was granted one year later, on August 25, 2004. The defendant was not served with notice of the entry of the voluntary dismissal order. However, one day after the entry of that order, on August 26, 2004, the plaintiff refiled her action against the defendant and Healthline Management, Inc. This complaint had attached to it the affidavit and medical report required by section 2-622(a)(1) of the Code (735 ILCS 5/2-622(a)(1) (West 2002)).

On December 13, 2004, the defendant filed an amended motion to dismiss the complaint as having been filed beyond the two-year statute of limitations provided for medical malpractice actions (735 ILCS 5/13-212(a) (West 2004)). The motion alleges that the defendant had not received notice of the filing of the previous motion for voluntary dismissal, notice of any hearing thereon, or notice of the entry of the voluntary dismissal order. Accordingly, the motion argues, section 13-217 of the Code (735 ILCS 5/13-217 (West 2004)) does not operate to extend the statute of limitations for an additional year beyond the voluntary dismissal. The motion alleges, "Order of Voluntary Dismissal is improper and invalid and ex parte and does not extend the time for filing this lawsuit."

2

Accordingly, the defendant argues, the complaint was filed beyond the limitations period and must be dismissed.

On April 18, 2005, the circuit court of Perry County entered an order denying the amended motion to dismiss. The court found that, although the defendant had not received notice of the motion for voluntary dismissal or the hearing thereon, he had suffered no prejudice as a result. Accordingly, pursuant to section 13-217 of the Code (735 ILCS 5/13-217 (West 2004)), the plaintiff had an additional year in which to refile her complaint following the voluntary dismissal of the original complaint. Her refiled complaint was timely filed, and the defendant's motion to dismiss was denied.

This cause comes before us on appeal pursuant to Supreme Court Rule 308 (155 Ill. 2d R. 308). The trial court identified for our review the following question of law: "[W]hether or not failure to give notice on a motion for voluntary dismissal and order of voluntary dismissal invalidates the order of dismissal and therefore deprives plaintiff of an additional one year within which to file a cause of action."

On appeal, the defendant argues that where a party fails to comply with the statutory requirements for a voluntary dismissal set forth in section 2-1009(a) of the Code (735 ILCS 5/2-1009(a) (West 2004)), as when she fails to give notice to the opposing party of the filing of the motion or the hearing thereon, she is not entitled to take advantage of the provision of section 13-217 of the Code, which grants an additional year within which to refile the complaint after it has been voluntarily dismissed. The defendant cites no case in support of this proposition, nor have we been able to find any such case. In any event, we reject the defendant's argument for two reasons.

First, the plaintiff did comply with the requirements of section 2-1009(a) of the Code. Section 2-1009(a) of the Code provides that a plaintiff may, at any time before the trial or hearing begins, *upon notice to each party who has appeared or each such party's attorney*,

3

and upon the payment of costs, dismiss the action without prejudice. 735 ILCS 5/2-1009(a) (West 2004). When a party complies with the requirements of section 2-1009(a), her right to a voluntary dismissal without prejudice is, with very limited exceptions, unfettered. *Valdovinos v. Luna-Manalac Medical Center, Ltd.*, 328 Ill. App. 3d 255, 265 (2002). When an action is voluntarily dismissed, whether or not the time limitation for bringing that action expires during the pendency of that action, the plaintiff may commence a new action within one year of the voluntary dismissal or within the remaining period of limitation, whichever is greater. 735 ILCS 5/13-217 (West 2004). Section 2-1009(a) requires notice only to a party *who has appeared* in the action. Although he had been served with a summons, the defendant had not appeared prior to the voluntary dismissal and therefore was not statutorily entitled to notice. Although this is not, and cannot be, an appeal from the grant of the motion for voluntary dismissal, the first premise of the defendant's argument–that the plaintiff failed to comply with section 2-1009(a)–is false and the argument therefore fails.

Second, even if the voluntary dismissal order had been entered improperly for a lack of notice, that is, if the trial court had abused its discretion in granting the motion in the absence of proper notice, this would not invalidate or void the dismissal order and would not affect the application of section 13-217 to the plaintiff's cause. The time for challenging the propriety of the voluntary dismissal order has passed. The defendant does not, and could not successfully, argue that the dismissal order is void and of no effect. Judgments may be collaterally attacked as void only where there is a total want of jurisdiction in the court that entered the judgment, either regarding the subject matter or regarding the parties. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). The defendant does not argue that the circuit court lacked jurisdiction over the original parties or the proceedings resulting in the voluntary dismissal. Once a court has obtained jurisdiction, an order will not be rendered void merely because of an error or impropriety in the issuing court's determination of the

4

facts or law. *In re Marriage of Mitchell*, 181 Ill. 2d at 174. Accordingly, the voluntary dismissal order stands as a final and unimpeachable judgment. Section 13-217 of the Code allowed the plaintiff an additional one year after the voluntary dismissal in which to refile her action. She did so in a timely manner.

The defendant argues that the trial court's ruling contravenes the requirement of section 2-622(a)(2) of the Code (735 ILCS 5/2-622(a)(2) (West 2004)) that a certificate and written report of a medical professional be filed within 90 days after the filing of the complaint. The defendant argues that this deprived him of the opportunity to move for a dismissal with prejudice when the certificate and written report were not timely filed. We disagree. The defendant had been served with a summons in the original suit, was aware of its pendency, and could have filed a motion to dismiss with prejudice at any time after the expiration of the 90 days. The defendant did not avail himself of the opportunity. He cannot be heard to complain now.

The defendant's motion to dismiss on the ground that the action was not commenced within the time limited by law was brought pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2004)). Because it presents only a question of law, we review the grant or denial of such a motion *de novo*. *Gunther v. Illinois Civil Service Comm'n*, 344 Ill. App. 3d 912, 914 (2003). The circuit court of Perry County did not err in denying the defendant's motion to dismiss with prejudice the plaintiff's complaint on the ground that it was not commenced within the time limited by law.

For the foregoing reasons, the order of the circuit court of Perry County is hereby affirmed.

Certified question answered; judgment affirmed.

DONOVAN and McGLYNN, JJ., concur.

5

NO. 5-05-0250

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| JANE SMITH, as Special Administrator of the Estate of Wilfred Smith, Deceased, | ) Appeal from the<br>) Circuit Court of<br>) Perry County. |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 04-L-42 |
| | ) |
| WILLIAM BARTLEY, M.D., | ) |
| | ) |
| Defendant-Appellant, | ) |
| | ) |
| and | ) |
| | ) |
| HEALTHLINE MANAGEMENT, INC., | ) Honorable |
| | ) James W. Campanella, |
| Defendant. | ) Judge, presiding. |

_____

**Opinion Filed**: March 22, 2006

_____

**Justices**: Honorable Thomas M. Welch

Honorable James K. Donovan, and
Honorable Stephen P. McGlynn,
Concur

_____

**Attorneys for Appellant**    Richard M. Roessler, Andrew C. Corkery, Gundlach, Lee, Eggmann, Boyle & Roessler LLC, 5000 West Main Street, P.O. Box 23560, Belleville, IL 62223-0560

_____

**Attorney for Appellee**    John D. Alleman, Alleman & Hicks, 310 East Main Street, Carbondale, IL 62901

_____