THIRD DIVISION
March 30, 2007

No. 1-05-4138

| | | |
|---|---|---|
| UNIVERSAL UNDERWRITERS INSURANCE COMPANY, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 02 L 966 |
| JUDGE & JAMES, LTD. and JAY S. JUDGE, | ) ) | Honorable Robert Lopez Cepero, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____PRESIDING JUSTICE THEIS delivered the opinion of the court:

Plaintiff Universal Underwriters Insurance Company (Universal) appeals from the trial court's grant of summary judgment to defendants Judge & James, Ltd., and Jay S. Judge (Judge) (collectively, defendants) in this legal malpractice action. Universal argues that the trial court erred in: (1) determining that defendants committed no legal malpractice when they failed to appeal the circuit court's 1995 order because that order was not final and appealable; (2) finding that defendants did not commit malpractice when they failed to appeal either the 1998 order directing Universal to arbitrate or the 2000 judgment confirming the arbitration award; and (3) failing to enter summary judgment in Universal's favor on defendants' statute of limitations and statute of repose defenses. For the following reasons, we reverse and remand for further proceedings.

Universal, a Kansas corporation, issued an insurance policy to Carriage Chevrolet, Inc., a

car dealership in St. Louis, Missouri, effective from April 1, 1990 to April 1, 1991. The policy included, *inter alia*, premises liability, property damage, and automobile insurance. Additionally, Universal issued an umbrella policy with a $1 million limit to Carriage Chevrolet.

On January 29, 1991, Michele Heflin, a Carriage Chevrolet salesperson, was driving a car owned by Carriage Chevrolet with its permission in Alton, Illinois. While Heflin was rendering assistance to a disabled vehicle, another car struck Heflin, injuring her. Heflin filed suit against that driver and received $25,000, the limit of the driver's policy. Heflin then sought recovery under the Universal umbrella policy issued to Carriage Chevrolet, arguing that it provided underinsured motorist coverage. When Universal denied her claim, Heflin filed a declaratory judgment action in 1993 in Madison County, Illinois. Heflin asked the court to determine and adjudicate the rights and liabilities of the parties with respect to the umbrella policy. She sought a declaratory judgment determining that the umbrella coverage applied to the underinsured motorist coverage of Carriage Chevrolet, for which Heflin was a third-party beneficiary, and that Universal was obligated to negotiate that claim with Heflin, pursuant to its policy provisions. Universal hired defendants Jay Judge and his law firm, Judge & James, to defend it in this action.

In May 1995, Universal filed a motion to strike and dismiss Heflin's suit. Heflin then filed a motion for summary judgment, arguing that she was insured under the Universal umbrella policy and that Universal wrongfully refused to arbitrate her claim. She sought a judgment finding that she was insured under this policy. On June 5, 1995, the trial court entered an order finding that Heflin was an insured under the umbrella policy, which provided $1 million in coverage, based on a finding that the contract so provided, that an ambiguity existed therein

which was construed in Heflin's favor, and that Heflin had complied with all provisions as required by that policy. The court denied Universal's motion to strike and dismiss. However, Universal's response to Heflin's motion for summary judgment was not due until June 16, 1995. Universal then filed a motion for reconsideration and rehearing, asking the court to reconsider its grant of summary judgment to Heflin in light of Universal's response. Universal also argued that Heflin was not an insured under the umbrella policy, the umbrella policy did not include any underinsured motorist coverage, and that even if Heflin was covered under that policy, the umbrella policy only covered an insured's liability to another party and did not cover any injury to the insured herself.

On July 31, 1995, the Madison County circuit court denied Universal's motion to reconsider, but, on its own motion, vacated its June 5, 1995 order granting Heflin's motion for summary judgment so that it could consider Universal's response. Having considered the response, the trial court ordered that it "still agrees with the reasoning of the plaintiff and grants plaintiff's summary judgment motion against Universal." Defendants, as counsel for Universal, did not take an appeal from this order. On October 31, 1996, Universal filed, in the 1993 declaratory judgment action, an emergency motion for a protective order to quash or continue the evidence deposition of one of Helfin's experts. In a January 7, 1997 order, the trial court found that the July 31, 1995 order was final and appealable as it disposed of all issues before the court and, thus, the court no longer had jurisdiction to rule on Universal's motion.

Heflin filed a second suit against Universal in 1998 to enforce the arbitration clause. Universal responded, *inter alia*, that Heflin was not covered under the policy and that the policy

did not contain an arbitration clause for underinsured motorist coverage. In an order dated October 9, 1998, the trial court found that this was a separate and distinct lawsuit from the declaratory judgment action. It held that the previous case had determined that Heflin was covered under Universal's umbrella policy and that Universal did not appeal that decision. Although Universal sought to relitigate coverage issues, the court held that those issues had already been decided, denied Universal's motion for summary judgment, and granted Heflin's motion to strike Universal's affirmative defenses. The court found that the policy contained an arbitration clause and ordered the parties to arbitrate Heflin's claim. Defendants, as Universal's counsel, did not appeal this order.

On January 13, 2000, Universal and Heflin proceeded to arbitration and the arbitrators awarded her $2,975,000 in damages. On March 2, 2000, Heflin filed an action in the circuit court of Madison County to confirm the arbitration award under section 11 of the Uniform Arbitration Act (710 ILCS 5/11 (West 2000)). Universal then filed a motion to reject the award. On October 26, 2000, the trial court denied Universal's request to reject the arbitration award and confirmed the award. Defendants, as counsel for Universal, did not appeal this judgment.

On January 5, 2001, Heflin issued a citation to discover assets against Universal to enforce the judgment. On March 30, 2001, Heflin filed a motion to order payment of the judgment in the trial court. On April 4, 2001, Universal, through defendants, filed an emergency motion for leave to file a complaint seeking a writ of *mandamus* or a supervisory order in the Illinois Supreme Court. The motion stated that Heflin had filed three lawsuits against Universal concerning underinsured motorist coverage, none of which contained a final and appealable

order. It argued that the July 31, 1995 order was not final and, thus, the subsequent two lawsuits must be dismissed because another action remained pending. Alternatively, Universal argued that if that order was final, the other two suits were barred by *res judicata*. Universal asked the supreme court to vacate the October 26, 2000 order, dismiss the newest lawsuit, reduce the arbitration award to the umbrella policy's $1 million limit, determine whether the proceedings in the latest two lawsuits were void, and stay payment of the judgment. The supreme court denied the writ on May 3, 2001.

On May 7, 2001, the trial court entered an order requiring Universal to pay the judgment of $2,975,000 plus interest to date of $141,577.08. On May 17, 2001, Universal, through new counsel, settled Heflin's claim for $3 million, representing the judgment amount plus a portion of the interest due.

On January 23, 2002, Universal filed this legal malpractice case against defendants. In its amended complaint, Universal contended that defendants owed Universal a duty of care, which included the obligation to take timely appeals and to timely seek other remedies in the event of adverse and erroneous judgments. Defendants breached their duties by neglecting or otherwise failing to timely appeal the July 31, 1995 order and the October 26, 2000 order.[1] Universal also alleged that defendants breached their duties by failing to raise the $1 million umbrella policy limit as a defense or limitation on damages in the arbitration proceeding, failing to file a timely

---

[1]Additionally, as Universal clarified in its response to defendants' summary judgment motion, Universal alleged that if, and only if, the July 31, 1995 order was not final and appealable, Universal would argue that defendants committed malpractice by failing to take an interlocutory appeal from the October 9, 1998 order compelling arbitration and attacking the underlying issue of coverage.

motion to reconsider the arbitration award or file a timely petition to vacate or modify the award, and failing to address the merits of the arbitration award or argue that the arbitrators exceeded their powers by entering an award in excess of the policy limits. Universal alleged that but for these breaches, it would have prevailed in challenging the declaratory judgment finding Heflin to be an insured under the umbrella policy and in the alternative, Universal would have successfully had the $2,975,000 arbitration award vacated as exceeding the policy limits. Universal sought $3 million in damages.

On May 31, 2005, defendants filed their third affirmative defense of the statute of limitations and the statute of repose. In response, Universal argued that these defenses did not apply to this case and that, if they did, defendants should be estopped from raising them.

On July 7, 2005, defendants filed a motion for summary judgment on Universal's legal malpractice complaint, arguing that they committed no malpractice because Universal voluntarily paid a void judgment by settling Heflin's case, foregoing any collateral attack to set aside such void judgment. They contended that the trial court's October 26, 2000 order was void because the umbrella policy contained no agreement to arbitrate and that the trial court exceeded "its specific subject matter jurisdiction" to order arbitration and enter judgment on the arbitration award where there was no arbitration agreement. Defendants also contended that the earlier orders entered in the Heflin cases, including the July 31, 1995 order, were not final and appealable. In its response, Universal argued that the July 31, 1995 order was final and appealable and that the October 26, 2000 order was not void. Both parties attached the umbrella policy, various pleadings from the Heflin cases, e-mail and letter correspondence, and the

depositions of Judge and several experts.

Universal also included an e-mail from Judge to Universal, dated May 10, 2001, wherein Judge stated that he believed he should have reacted to the trial court's October 26, 2000 order. He stated that he should not have filed a notice of appeal, but should have filed a motion to vacate that judgment, stating that "[t]he reason we did not was because the Order of 10/26/00 never came to my attention." Judge stated that although the order was received in his office in November, he did not learn of it until he fired the attorney involved in his office who never informed Judge of the order.

On September 21, 2005, Universal filed a motion for a summary determination on defendants' statute of limitations and statute of repose defenses, arguing that these defenses did not apply to this case and that, if they did, defendants should be estopped from raising them. On December 14, 2005, the trial court granted defendants' motion for summary judgment and, thus, found Universal's motion for summary determination on defendants' statute of limitations and repose defenses moot. Universal then filed this timely appeal.

In an action for legal malpractice, a plaintiff must plead and prove that: the defendant attorney owed the plaintiff a duty of due care arising from the attorney-client relationship; that the defendant breached that duty; and that as a proximate result, the plaintiff suffered actual damages. Governmental Interinsurance Exchange v. Judge, 221 Ill. 2d 195, 199, 850 N.E.2d 183, 186-87 (2006). The burden of pleading and proving actual damages requires establishing that "but for" the attorney's negligence, the plaintiff would have been successful in the underlying suit, and thus, a legal malpractice plaintiff must litigate "a case within a case."

1-05-4138

Governmental Interinsurance Exchange, 221 Ill. 2d at 200, 850 N.E.2d at 187. In an action alleging that an attorney failed to perfect an appeal, the plaintiff must prove that he or she would have been successful on appeal if the appeal had properly been perfected. Governmental Interinsurance Exchange, 221 Ill. 2d at 200, 850 N.E.2d at 187.

Summary judgment should be granted "without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2004). Although summary judgment can aid in the expeditious disposition of a lawsuit, it remains a drastic means of disposing of litigation and, therefore, should be allowed only where the right of the moving party is clear and free from doubt. Bagent v. Blessing Care Corp., No. 102430 (Ill. Jan. 19, 2007). The movant bears the initial burden of production in a motion for summary judgment. Bourgonje v. Machev, 362 Ill. App. 3d 984, 994, 841 N.E.2d 96, 106 (2005). A defendant moving for summary judgment may meet its burden of production either by presenting evidence that, left unrebutted, would entitle it to judgment as a matter of law or by demonstrating that the plaintiff will be unable to prove an element of his cause of action. Bourgonje, 362 Ill. App. 3d at 994, 841 N.E.2d at 106. If a defendant presents facts that would demonstrate its entitlement to judgment as a matter of law, the burden then shifts to the plaintiff to present some evidence allowing the imposition of liability on the defendant and supporting each element of his cause of action, thereby defining a material issue of fact to be determined at trial. Bourgonje, 362 Ill. App. 3d at 994-95, 841 N.E.2d at 106. Our standard of review is *de novo*. State Automobile Mutual Insurance Co. v. Kingsport Development, LLC, 364

8

Ill. App. 3d 946, 951, 846 N.E.2d 974, 979 (2006).

Universal argues that the trial court erred in granting summary judgment to defendants on its legal malpractice complaint. First, Universal contends that the July 31, 1995 order in the Heflin declaratory judgment action, which found that Heflin was an insured under Universal's umbrella policy and entitled to underinsured motorist coverage, was final and appealable. Because this order was final and appealable, Universal contends, defendants breached their duties to Universal by failing to perfect an appeal from this order. Defendants respond that the July 31, 1995 order was not final because it did not adjudicate all underinsured motorist coverage issues. Specifically, defendants contend that the July 31, 1995 order was not final because it did not award Heflin money damages, did not state that the umbrella policy provided underinsured motorist coverage with an arbitration clause requiring either a three-person arbitration or arbitration under the American Arbitration Association, and did not order the parties to proceed to arbitration. Although defendants never specify which of the four elements of a legal malpractice claim Universal failed to prove, we assume that this argument challenges the element of breach.

Defendants misunderstand the nature of declaratory judgments. Under section 2-701 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-701 (West 2004)), "[t]he court may, in cases of actual controversy, make binding declarations of rights, having the force of final judgments, whether or not any consequential relief is or could be claimed, including the determination * * * of the construction of * * * any deed, will, contract or other written instrument, and a declaration of the rights of the parties interested." 735 ILCS 5/2-701(a) (West

1-05-4138

2004). Further, the statute provides that "if a declaration of rights is the only relief asked, the case may be set for early hearing as in the case of a motion." 735 ILCS 5/2-701(b) (West 2004).

The central purpose of declaratory relief is to allow the court to address a controversy one step sooner than normal after a dispute has arisen, but before the parties take steps that would give rise to a claim for damages or other relief. Beahringer v. Page, 204 Ill. 2d 363, 372-73, 789 N.E.2d 1216, 1223 (2003). "The remedy of declaratory judgment is to be liberally applied to provide a method by which a binding declaration of rights may be rendered before the parties make an irrevocable change in position that might jeopardize those rights." Illinois State Toll Highway Authority v. Amoco Oil Co., 336 Ill. App. 3d 300, 305, 783 N.E.2d 658, 662 (2003). Further, in deciding issues of insurance coverage, the court should limit its rulings to the issues set out in the pleadings, should not decide issues which go beyond coverage, and must not determine disputed factual issues that are crucial to an insured's liability in the underlying lawsuit. 16 Ill. L. & Prac. Declaratory Judgments §56, at 208 (2004). Further, unlike other causes of action that refer specifically to the availability of relief, such as a negligence claim which requires an allegation of damages, the declaratory judgment statute requires only that the judgment terminate a part of the controversy. In re Marriage of Best, 369 Ill. App. 3d 254, 259, 859 N.E.2d 173, 180 (2006).

Moreover, Supreme Court Rule 301 provides that every final judgment of a circuit court in a civil case is appealable as of right. 155 Ill. 2d R. 301. Rule 303(a)(1) provides, in relevant part, that the notice of appeal from final judgments in civil cases "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from." 155 Ill. 2d

10

R. 303(a)(1). "A final judgment is a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit." Big Sky Excavating, Inc. v. Illinois Bell Telephone Co., 217 Ill. 2d 221, 232-33, 840 N.E.2d 1174, 1182 (2005). A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with execution of the judgment. In re Marriage of Ehgartner-Shachter, 366 Ill. App. 3d 278, 283, 851 N.E.2d 237, 243 (2006). "'An order granting summary judgment is a final order.' " Shutkas Electric, Inc. v. Ford Motor Co., 366 Ill. App. 3d 76, 80, 851 N.E.2d 66, 69 (2006), quoting Diggs v. Suburban Medical Center, 191 Ill. App. 3d 828, 836, 548 N.E.2d 373, 378 (1989).

Further, a declaratory judgment has the force of a final judgment with respect to the rights of the parties subject to that judgment. Board of Trustees of Addison Fire Protection District No. 1 Pension Fund v. Stamp, 241 Ill. App. 3d 873, 881, 608 N.E.2d 1274, 1282 (1993). Finality attaches to a declaratory judgment on the date judgment is entered. Djikas v. Grafft, 344 Ill. App. 3d 1, 10, 799 N.E.2d 887, 895 (2003). Additionally, an order granting summary judgment in a declaratory judgment action is final under Supreme Court Rule 301 such that a notice of appeal must be filed within 30 days of the entry of the order. See Pappas v. Waldron, 323 Ill. App. 3d 330, 334-36, 751 N.E.2d 1276, 1279-80 (2001). See, *e.g.*, Illinois Farmers Insurance Co. v. Marchwiany, 222 Ill. 2d 472, 856 N.E.2d 439 (2006); State Farm Mutual Automobile Insurance Co. v. Coe, 367 Ill. App. 3d 604, 855 N.E.2d 173 (2006); Mercury Indemnity Co. of Illinois v. Kim, 358 Ill. App. 3d 1, 830 N.E.2d 603 (2005); Parish v. Country Mutual Insurance Co., 351 Ill. App. 3d 693, 814 N.E.2d 166 (2004) (declaratory judgment actions construing

11

underinsured motorist coverage).

In this case, the July 31, 1995 order was final and appealable. In her complaint for a declaratory judgment, brought pursuant to section 2-701 of the Code, Heflin asked the court to determine and adjudicate the rights and liabilities of the parties with respect to Universal's umbrella policy and to enter a declaratory judgment construing that policy. She asked the court to determine that the umbrella coverage applied to the underinsured motorist coverage of its insured, Carriage Chevrolet, and that Universal was obligated to negotiate that claim with Heflin, pursuant to its policy provisions. She did not request money damages.

In the June 5, 1995 order, the Madison County circuit court found that Heflin was "in fact an insured included under the Umbrella Section of the policy in question based upon a finding that the contract so provides and that an ambiguity exists therein which is construed in plaintiff's favor" and that Heflin complied with all provisions as required in that policy. The court then entered summary judgment for Heflin, finding that she was an insured under the umbrella policy in question which provided $1 million in coverage. Although the court vacated this order to consider Universal's response to the motion for summary judgment, the court again entered summary judgment in Heflin's favor on July 31, 1995 because it continued to agree with Heflin's reasoning. Accordingly, the trial court's July 31, 1995 order granted Heflin all of the relief she sought in her declaratory judgment action. The order fixed absolutely the rights of the parties on the issues raised in Heflin's complaint concerning the issue of coverage and left no issues remaining. Therefore, the judgment was final and appealable as of the date of its entry.

Defendants argue that the July 31, 1995 order was not final because it did not order the

parties to proceed to arbitration and did not specify which form of arbitration was required. However, as stated above, section 2-701(a) provides that a declaration of rights has the force of a final judgment whether or not consequential relief is or could be claimed. 735 ILCS 5/2-701(a) (West 2004). Section 2-701(c) then provides that "[i]f further relief based upon a declaration of right becomes necessary or proper after the declaration has been made, application may be made by petition to any court having jurisdiction for an order directed to any party or parties whose rights have been determined by the declaration to show cause why the further relief should not be granted forthwith." 735 ILCS 5/2-701(c) (West 2004).

Read together, these provisions indicate that consequential or incidental relief, not previously requested, but based on the rights previously determined in the initial declaration, may be claimed and obtained following the entry of a final and appealable declaratory judgment order. Djikas, 344 Ill. App. 3d at 11-12, 799 N.E.2d at 896. However, a motion requesting such relief is not a posttrial motion within the meaning of Rule 303(a)(1) because it is not directed against the original judgment, but is incidental to that judgment. Djikas, 344 Ill. App. 3d at 12, 799 N.E.2d at 896. "Therefore, while it appears from section 2-701 that the court will retain jurisdiction to entertain a request for further relief after the initial declaration without any time limitation, that retention of jurisdiction does not delay or postpone the finality of the issues originally decided so as to render the original decision nonfinal and nonappealable." Djikas, 344 Ill. App. 3d at 12, 799 N.E.2d at 896.

Accordingly, in this case, the parties could have filed motions subsequent to the entry of the July 31, 1995 order concerning arbitration and other issues incidental to the declaratory

judgment order, but these motions would not make the July 31, 1995 order not final or appealable. Further, based on section 2-701, we reject defendants' contention that the two subsequent lawsuits filed by Heflin were barred by *res judicata*. Rather, the issue of whether Heflin was covered under the umbrella policy was barred by *res judicata* because it was decided in the original declaratory judgment action and, thus, could not be raised again by either party.

Defendants cite Pekin Insurance Co. v. Benson, 306 Ill. App. 3d 367, 714 N.E.2d 559 (1999), and claim that it stands for the proposition that the trial court's order finding underinsured motorist coverage was not final because it did not terminate all matters in controversy, including arbitration, determination of liability, and damages. Defendants misrepresent the holding of that case. In Pekin Insurance Co., the insurer filed a declaratory judgment action to determine whether it owed Tammy Benson underinsured motorist benefits. On cross-motions for summary judgment, the court interpreted the policy and ruled in favor of Benson, finding her vehicle to be covered under the policy. Pekin Insurance Co., 306 Ill. App. 3d at 371, 714 N.E.2d at 563. The insurer filed a notice of appeal from this coverage order. Benson then requested arbitration of her claim in the trial court and the insurer moved to stay the arbitration pending the appeal from the declaratory judgment action. The trial court granted the stay, but ordered that the insurer pay interest on any subsequent arbitration award as a condition of the stay. The insurer then filed an amended notice of appeal asking this court to reverse the condition of an interest payment in the stay order. Pekin Insurance Co., 306 Ill. App. 3d at 370, 714 N.E.2d at 562.

On appeal, the Pekin Insurance Co. court addressed the merits of the insurer's appeal

from the declaratory judgment action, affirming the trial court's finding that the policy did afford Benson underinsured motorist coverage. There was no dispute that this court had jurisdiction over the trial court's order finding coverage in the declaratory judgment action. However, the appellate court found that it lacked jurisdiction over the trial court's order staying the arbitration hearing because that order did not resolve all issues concerning the arbitration, and thus, the order was not final. Pekin Insurance Co., 306 Ill. App. 3d at 375, 714 N.E.2d at 565. That court did not hold that the underinsured motorist coverage finding in the declaratory judgment action was not final and appealable, as defendants in the present case contend. Rather, Pekin Insurance Co. supports Universal's argument that the July 31, 1995 order resolving the declaratory judgment action was final and appealable.

Therefore, defendants' argument that they did not breach their duties to Universal because the July 31, 1995 order was not final and appealable is without merit. Defendants failed to meet their burden of production in these summary judgment proceedings because they failed to present evidence that entitles them to judgment as a matter of law or evidence that Universal would be unable to prove an element of its cause of action. Therefore, the trial court erred in granting summary judgment to defendants on this issue.

Next, defendants contend that they committed no legal malpractice by not appealing the October 26, 2000 order confirming the arbitration award because that order was void and it could be collaterally attacked at any time. They claim that Universal foreclosed any such collateral attack by settling the case in May 2001. Again, although defendants' argument is not structured in terms of the elements of a legal malpractice action, we assume that defendants are challenging

15

the element of breach. They argue that the October 26, 2000 order was void because the declaratory judgment action remained pending, the petition to confirm the arbitration award failed to state a cause of action, and absent proof of an agreement to arbitrate up to $2,975,000, the trial court lacked "specific subject matter jurisdiction" to confirm the arbitration award. Defendants' arguments are without merit, mainly because they misunderstand the nature of void judgments.

Whether a judgment is void or voidable depends on whether the court entering the challenged order possessed jurisdiction over the parties and the subject matter. In re Marriage of Mitchell, 181 Ill. 2d 169, 174, 692 N.E.2d 281, 284 (1998). Judgments may be collaterally attacked as void only where there is a complete want of jurisdiction in the court that entered the judgment, regarding either the subject matter or the parties. Smith v. Bartley, 364 Ill. App. 3d 725, 728, 847 N.E.2d 642, 645 (2006). "A voidable judgment, however, is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." Marriage of Mitchell, 181 Ill. 2d at 174, 692 N.E.2d at 284. Once a court has obtained jurisdiction, an order will not be rendered void nor will the court lose jurisdiction merely because of an error or impropriety in the court's determination of the facts or law. Smith, 364 Ill. App. 3d at 728, 847 N.E.2d at 645; In re Custody of Ayala, 344 Ill. App. 3d 574, 584, 800 N.E.2d 524, 534 (2003).

Additionally, although a void order may be attacked at any time, either directly or collaterally, the issue of voidness must be raised in the context of a proceeding that is properly pending in the courts. People v. Flowers, 208 Ill. 2d 291, 308, 802 N.E.2d 1174, 1184 (2003). See also Marriage of Ehgartner-Shachter, 366 Ill. App. 3d at 289, 851 N.E.2d at 247. " 'If a

16

court lacks jurisdiction, it cannot confer any relief, even from prior judgments that are void. The reason is obvious. Absent jurisdiction, an order directed at the void judgment would itself be void and of no effect.' " Marriage of Ehgartner-Shachter, 366 Ill. App. 3d at 289, 851 N.E.2d at 247, quoting Flowers, 208 Ill. 2d at 308, 802 N.E.2d at 1184. Compliance with the rules governing appeals is necessary before a reviewing court may properly consider an appeal from a judgment or order that is, or is asserted to be, void. Revolution Portfolio, LLC v. Beale, 341 Ill. App. 3d 1021, 1025, 793 N.E.2d 900, 904 (2003). Thus, the appellate court is not vested with authority to consider the merits of a case merely because the dispute involves an allegedly void order or judgment. Flowers, 208 Ill. 2d at 308, 802 N.E.2d at 1184.

First, defendants contend that the October 26, 2000 order was void because the July 31, 1995 order was not final and appealable and, thus, the declaratory judgment action remained pending. However, as discussed above, the July 31, 1995 order was final and appealable, and thus, the declaratory judgment action was over long before the October 26, 2000 order was entered. Additionally, as mentioned above, the October 26, 2000 order would be void only if the trial court lacked subject matter jurisdiction over the case or personal jurisdiction over the parties. The fact that a previous case was pending between the parties would not render the court's order void. Accordingly, we reject defendants' argument.

Second, defendants argue that the October 26, 2000 order was void because Heflin's application to confirm the arbitration award "totally failed to state a cause of action." They contend that the application did not contain any facts showing the existence of an agreement between Universal and Heflin to arbitrate up to $2,975,000 and, thus, the complaint failed to

17

state a cause of action.  Defendants assert that a complaint which fails to state a cause of action is void and a judgment entered on such a complaint is also void and can be attacked at any time.  However, defendants' cited case, Adcock v. Brakegate, Ltd., 164 Ill. 2d 54, 645 N.E.2d 888 (1994), demonstrates the fallacy in their argument.

A defendant may raise at any time a claim that the complaint fails to state a cause of action.  Adcock v. Brakegate Ltd., 164 Ill. 2d 54, 61, 645 N.E.2d 888, 893 (1994).  However, this exception to the waiver doctrine applies only when a complaint fails to state a recognized cause of action and does not apply where the complaint states a recognized cause of action, but contains an incomplete or otherwise insufficient statement of that cause of action.  Adcock, 164 Ill. 2d at 61-62, 645 N.E.2d at 893.  See also City of Quincy v. Weinberg, 363 Ill. App. 3d 654, 660, 844 N.E.2d 59, 64 (2006).  Courts draw a distinction between a complaint that alleges no cause of action, which may be challenged at any time, and one which defectively or imperfectly alleges a cause of action.  Adcock, 164 Ill. 2d at 62, 645 N.E.2d at 893.

In the present case, Heflin filed an application to confirm an arbitration award, which is a recognized cause of action in Illinois.  See 710 ILCS 5/11 (West 2004).  Any alleged deficiencies in this complaint did not render it void.  Therefore, the complaint was not void and defendants could not challenge it at any time.  Accordingly, the October 26, 2000 order confirming the arbitration award on that complaint was not void and defendants' argument is without merit.

Third, defendants contend that the October 26, 2000 order was void because it was beyond the subject matter jurisdiction of the court where Heflin never proved that a policy provision or agreement to arbitrate up to $2,975,000 existed.  They claim that Universal never

1-05-4138

agreed to arbitrate and had no arbitration clause for underinsured motorist coverage. Defendants further argue that the trial court exceeded its authority in confirming a $2,975,000 judgment outside the confines of the $1 million limits on the umbrella policy, which provided no underinsured motorist coverage, making the court's order void.

Under section 16 of the Uniform Arbitration Act, the making of an arbitration agreement providing for arbitration in this state confers jurisdiction on any circuit court of this state to enforce the agreement under this Act and to enter judgment on an award thereunder. 710 ILCS 5/16 (West 2004). Here, the trial court found that the umbrella policy contained underinsured motorist coverage and that Heflin was insured under that policy in the July 31, 1995 order resolving the declaratory judgment action. The court further found that the arbitration clause in Universal's insurance policy applied to Heflin's underinsured motorist claim in the 1998 action to compel arbitration. Defendants, as counsel for Universal, never timely appealed these orders and these issues were then barred by *res judicata* during the proceeding to confirm the arbitration award. Thus, the circuit court of Madison County had jurisdiction to confirm this arbitration award where the trial court found that the arbitration clause in the umbrella policy allowed for arbitration in Illinois.

Defendants rely on CPM Productions, Inc. v. Mobb Deep, Inc., 318 Ill. App. 3d 369, 742 N.E.2d 393 (2000), which, they claim, holds that a judgment entered outside the agreement of the parties is a void judgment beyond the subject matter jurisdiction of the trial court. CPM Productions, Inc., contains no such holding. Rather, in that case, the court held that section 16 of the Uniform Arbitration Act was a "prerequisite to the circuit court's exercise of jurisdiction over

19

an application seeking judgment on an award specifically conditioning the court's jurisdiction on the particular locale of the arbitration proceedings as provided for in the parties' agreement." CPM Productions, Inc., 318 Ill. App. 3d at 378, 742 N.E.2d at 400. Because the arbitration clause in the parties' contract provided for arbitration in New York and not Illinois, the CPM Productions, Inc. court held that the Illinois trial court lacked subject matter jurisdiction to enter judgment on the Illinois arbitrator's award. CPM Productions, Inc., 318 Ill. App. 3d at 373, 742 N.E.2d at 397.

Here, as discussed above and consistent with the holding of CPM Productions, Inc., Illinois circuit courts had subject matter jurisdiction over this arbitration award because the trial court in the Heflin cases found that this arbitration clause allowed for arbitration in Illinois. The fact that the trial court's decision to confirm this arbitration award in the amount of $2,975,000 may have been erroneous does not mean that the trial court lacked subject matter jurisdiction over the award such that the order is void. Rather, if Universal wished to challenge this ruling as erroneous or voidable, it had to do so in a timely filed appeal from the October 26, 2000 order. Accordingly, we reject defendants' arguments and hold that the October 26, 2000 order confirming the arbitration award was not void. Thus, defendants' claim that they did not breach any duty to Universal by failing to appeal this order is without merit.

Defendants also seem to argue that they did not breach their duties to Universal by failing to appeal the October 26, 2000 order because, at the time Universal settled the Heflin matter, Universal had two available options to attack that order. Specifically, defendants contend that they could have appealed the May 7, 2001 turnover order ordering Universal to pay the

20

1-05-4138

$2,975,000 judgment plus interest and, within that appeal, collaterally attacked the October 26, 2000 judgment as void. However, as we explained above, the October 26, 2000 order was not void, and thus, it could not be attacked at any time, as defendants argue. Accordingly, defendants' argument fails.

Additionally, defendants assert that they could have filed a section 2-1401 motion to attack the October 26, 2000 order as void. We note that defendants did not raise this argument in their motion for summary judgment. Issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal. L.A. Connection v. Penn-America Insurance Co., 363 Ill. App. 3d 259, 266, 843 N.E.2d 427, 433 (2006). However, because the record reflects that the trial court raised this theory *sua sponte* during the summary judgment hearing, we will address it.

Section 2-1401(f) provides: "Nothing contained in this Section affects any existing right to relief from a void order or judgment, or to employ any existing method to procure that relief." 735 ILCS 5/2-1401(f) (West 2004). In a petition to vacate a void judgment brought pursuant to section 2-1401(f), the general rules pertaining to section 2-1401 petitions--that they must be filed within two years of the order or judgment, that the petitioner must allege a meritorious defense to the original action, and that the petitioner must show that the petition was brought with due diligence--do not apply. Ford Motor Credit Co. v. Sperry, 214 Ill. 2d 371, 379, 827 N.E.2d 422, 427-28 (2005). "Rather, '[t]he allegation that the judgment or order is void substitutes for and negates the need to allege a meritorious defense and due diligence.' " Ford Motor Credit Co., 214 Ill. 2d at 379, 827 N.E.2d at 428, quoting Sarkissian v. Chicago Board of Education, 201 Ill.

21

2d 95, 104, 776 N.E.2d 195, 202 (2002). In the present case, even if defendants had filed a section 2-1401(f) motion in the circuit court of Madison County challenging the October 26, 2000 judgment as void, it would have failed because that order was not void for all of the reasons set forth above. Accordingly, we reject defendants' arguments.

Defendants include one sentence in their brief that the October 26, 2000 order was not final and appealable "for the same reasons the 7/31/95 Order" was not final and appealable. This sentence was included in support of defendants' section 2-1401 argument. In oral argument before this court, defendants argued that the October 26, 2000 order was not final because the trial court did not rule on Universal's pending motion to dismiss the complaint before entering its judgment. However, defendants never made this argument in their summary judgment motion before the trial court. Defendants' motion for summary judgment contained only one sentence referencing the fact that defendants had filed the motion to dismiss in an effort to attack the arbitration award. Defendants never argued that the October 26, 2000 order was not final because this motion remained pending. As discussed above, an issue not presented to or considered by the trial court cannot be raised for the first time on appeal. L.A. Connection, 363 Ill. App. 3d at 266, 843 N.E.2d at 433. Accordingly, this argument is waived.

Therefore, we find that defendants failed to meet their burden of production on their motion for summary judgment because they did not present evidence that, left unrebutted, would entitle them to judgment as a matter of law or demonstrate that Universal would be unable to prove any element of its cause of action. Accordingly, the trial court erred in granting summary judgment to defendants and we must reverse that order and remand this case for further

proceedings. By this opinion, we are not entering judgment in favor of Universal nor are we making any comment on Universal's ability to ultimately prevail at trial. Rather, we simply hold that defendants are not entitled to summary judgment at this stage of the litigation based on these facts and law.

Lastly, Universal contends that the trial court should have entered summary judgment in its favor on defendants' statute of limitations and statute of repose defenses. The record reflects that the trial court never addressed the merits of Universal's motion for summary determination, finding it moot because of its ruling that defendants were entitled to summary judgment on Universal's legal malpractice complaint. Therefore, we decline to address this issue for the first time on appeal.

Accordingly, we reverse the trial court's order granting summary judgment to defendants and remand this case for further proceedings.

Reversed and remanded.

GREIMAN and CUNNINGHAM, JJ., concur.

**UNIVERSAL UNDERWRITERS INSURANCE COMPANY,**

     **Plaintiff-Appellant,**

     **v.**

**JUDGE & JAMES, LTD., and JAY S. JUDGE,**

     **Defendants-Appellants,**

---

**No. 1-05-4138**

**Appellate Court of Illinois**
**First District, Third Division**

**Filed: March 30, 2007**

---

**PRESIDING JUSTICE THEIS delivered the opinion of the court.**

**Greiman and Cunningham, JJ., concur.**

---

**Appeal from the Circuit Court of Cook County**
**Honorable Robert Lopez Cepero, Judge Presiding**

---

| | |
|---|---|
| **For PLAINTIFF -**<br>**APPELLANT** | **Bonita L. Stone**<br>**James W. Hutchinson**<br>**Paula S. Kim**<br>**Katten Muchin Rosenman LLP**<br>**525 W. Monroe St.**<br>**Chicago, IL 60661** |
| **For DEFENDANTS -**<br>**APPELLEES** | **Stephen P. Carponelli**<br>**Raymond M. Rudnick**<br>**230 W. Monroe St., Suite 250**<br>**Chicago, IL 60606**<br><br>**Jay S. Judge**<br>**Judge, James & Kujawa, LLC**<br>**422 N. Northwest Highway, Suite 200**<br>**Park Ridge, IL 60068** |