NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230800-U

NO. 4-23-0800

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
February 1, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| (JOSEPH J., | ) | Circuit Court of |
|     Petitioner-Appellant, | ) | Sangamon County |
|     and | ) | No. 17D626 |
| JESSICA D., | ) | |
|     Respondent-Appellee). | ) | Honorable |
| | ) | Jennifer M. Ascher, |
| | ) | Judge Presiding. |

_____

JUSTICE HARRIS delivered the judgment of the court.
Justices Steigmann and Doherty concurred in the judgment.

**ORDER**

¶ 1     *Held*: (1) Respondent's claims of a lack of appellate jurisdiction are without merit.

(2) The trial court's judgment is affirmed where petitioner's failure to present a sufficiently complete record on appeal prevents effective review of his claims.

¶ 2     Petitioner, Joseph J., appeals the trial court's ruling that he and his former wife, Jessica D., had reached an agreement in their dissolution of marriage case that modified the terms of their previously entered parenting plan. We affirm.

¶ 3                     I. BACKGROUND

¶ 4     The parties were married in August 2015 and had one child, born the same year. In September 2017, Joseph filed a petition for dissolution of marriage. In August 2018, the trial court entered a judgment of dissolution of marriage, which incorporated a joint parenting plan entered into by the parties.

¶ 5        In December 2021, Jessica filed a motion to modify the parties' parenting plan and allocation of parental responsibilities. In February 2022, Joseph filed a similar motion. Thereafter, a guardian *ad litem* (GAL) was appointed in the case, and the matter was continued several times, in part due to ongoing settlement negotiations. Eventually, the matter was set for a bench trial in April 2023.

¶ 6        Although the appellate record does not contain a transcript of any hearing in the case, docket entries show the parties appeared in person before the trial court on April 24, 2023, and that a settlement conference was conducted on that day. The matter was then continued to April 27, 2023, "for status hearing by telephone." An April 27 docket entry states the parties were present "via telephone" and that the case was "continued for settlement negotiations and status hearing by telephone to May 10, 2023." A docket entry made on May 10 noted the parties' appearances and states as follows: "Cause continued for further hearing in person to June 29, 2023 *** and to June 30, 2023 ***. Final pre-trial memoranda, updated financial affidavits and marked trial exhibits to be exchanged between counsel by fourteen days prior to hearing."

¶ 7        On May 19, 2023, Jessica filed a motion to enforce the agreement and for other relief. She alleged that on April 24, 2023, the parties participated in a settlement conference with the trial court and "reached an agreement on all pending issues, except for weekly parenting time and child support." Jessica maintained that both (1) the parties' agreement and (2) the issues that remained unresolved were pronounced in open court. She alleged that her counsel drafted an "Agreed Order," which was presented to Joseph's counsel on April 24. Further, Jessica alleged that on April 26, her attorney received an e-mail, which she attached to her motion, from Joseph's counsel "outlining the agreements reached and noting the items that [were] in dispute." Nevertheless, on May 10, 2023, the parties appeared before the court at a status hearing and

Joseph's counsel advised the court that Joseph "was no longer in agreement with the terms of the agreement reached at the April 24, 2023 settlement conference."

¶ 8          In her motion, Jessica argued the agreement reached by the parties on April 24 was binding and enforceable under Illinois law. She asked the trial court to enter an order requiring Joseph "to execute an Order consistent with the terms of the parties' [April 24] agreement."

¶ 9          On June 9, 2023, Joseph filed a response to Jessica's motion. He agreed that on April 24, 2023, the parties appeared before the trial court for a hearing on pending matters and, "prior to any hearing, counsel and the GAL participated in a settlement conference with the Court in chambers." Joseph asserted the parties were "unable to reach a full settlement" and that "negotiations continued with proposals going back and forth between counsel through the beginning of May." He stated that on May 10, 2023, he advised the court that negotiations were unfruitful and that he was requesting a trial on all issues.

¶ 10          Joseph maintained the parties had not reached an agreement at the time of the April 2023 settlement conference, stating no definite and certain terms were agreed upon; there was no meeting of the minds as to all material terms; and many terms were left open for negotiation, including parenting time, child support, "issues with the winter break," and childcare reimbursement. Further, he asserted that although Jessica's counsel "recited the terms of the settlement negotiations" to the trial court, neither party stated his or her agreement with those terms in open court.

¶ 11          On June 13, 2023, the parties and the GAL appeared before the trial court and presented arguments on Jessica's motion. The court took the matter under advisement. On June 21, 2023, the court entered a written order granting the motion. It found "no dispute that agreements were reached on April 24, 2023[,] in the presence of the court" and that those

agreements were outlined in open court. The court also noted that two issues remained to be litigated, the issue of parenting time during the school year and child support. The court further stated as follows:

> "The court finds that an agreement can be final when the terms are definite and certain. The agreement terms reached by the parties on April 24, 2023[,] were definite and certain as the agreement outlined certain modifications to the current Parenting Plan and outlined the remaining issues for trial. The agreement as to the agreed modifications were not identified as contingent upon an agreement to the unresolved issues."

According to the court, the parties confirmed in open court that final agreements in the matter were reached and that the two remaining issues would be set for trial. In setting forth its order, the court identified the agreed-upon modifications to the parties' parenting plan and held that the issue of parenting time during the school year was reserved for trial.

¶ 12        On June 28, 2023, Joseph filed a notice of interlocutory appeal pursuant to Illinois Supreme Court Rule 306(a)(5) (eff. Oct. 1, 2020). He stated he was appealing the trial court's June 2023 order, "which *** enforced provisions from a Settlement Conference conducted on April 24, 2023." On July 12, 2023, this court denied Joseph leave to appeal. *In re Marriage of Joseph J.*, No. 4-23-0584 (2023) (order denying petition for leave to appeal pursuant to Rule 306(a)(5)).

¶ 13        On July 21, 2023, Joseph filed a motion to reconsider the trial court's June 2023 order. On August 10, 2023, the court conducted a hearing, and a docket entry showed it denied the motion.

¶ 14        On August 21, 2023, the parties appeared before the trial court for a bench trial. A docket entry showed an agreed order "regarding parenting time issues" was entered. The order

stated Joseph "select[ed] to maintain the regular school parenting time schedule" that was set forth in the parties' August 2018 joint parenting plan. The court also heard evidence on the remaining unresolved issues in the case involving "child support and financial matters." On August 22, 2023, the court entered its final written order, denying Jessica's request for an increase in Joseph's child support obligation and ordering that all financial obligations of the parties as outlined in the August 2018 dissolution judgment would remain in full force and effect.

¶ 15 On September 15, 2023, Joseph filed a *pro se* notice of appeal, listing the trial court's June 21 and August 22, 2023, orders as the orders being appealed.

¶ 16 II. ANALYSIS

¶ 17 On appeal, Joseph argues the trial court erred by ruling that the parties entered into "a final and binding oral settlement agreement" in April 2023. He contends (1) there had been no meeting of the minds between the parties as to any settlement terms, (2) no agreement was set forth in open court and acknowledged and confirmed by the parties, (3) his counsel made a settlement offer without authority and against his explicit instructions, (4) the terms of the purported settlement agreement were not clear and definite, and (5) the settlement enforced by the court was unconscionable.

¶ 18 A. Jurisdiction

¶ 19 Initially, we note Jessica argues that this court lacks jurisdiction to hear Joseph's appeal. She points out that Joseph challenges only the trial court's June 21, 2023, ruling that the parties had entered into an enforceable settlement agreement in April 2023. She contends that ruling was immediately appealable under Illinois Supreme Court Rule 304(a), (b)(6) (eff. March 8, 2016). Jessica argues that because Joseph's notice of appeal was not filed within 30 days of the denial of his motion to reconsider the court's June 2023 ruling, Joseph's appeal was untimely. For

the reasons that follow, we disagree.

¶ 20    "The Illinois Constitution confers on the appellate court jurisdiction to hear appeals from all final judgments entered in the circuit court." *Blumenthal v. Brewer*, 2016 IL 118781, ¶ 22, 69 N.E.3d 834 (citing Ill. Const. 1970, art. VI, § 6). Illinois Supreme Court Rule 303 (eff. July 1, 2017) provides for appeals from final judgments in civil cases and requires that a notice of appeal must be filed within 30 days of the entry of the final judgment appealed from or within 30 days after the entry of an order disposing of the last pending timely postjudgment motion. "A judgment or order is considered 'final' when it terminates the litigation and fixes absolutely the parties' rights, leaving only enforcement of the judgment." *A & R Janitorial v. Pepper Construction Co.*, 2018 IL 123220, ¶ 17, 124 N.E.3d 962.

¶ 21    Additionally, Rule 304 provides for appeals from a final judgment or order that does not dispose of an entire proceeding. Rule 304(a) states that "an appeal may be taken from a final judgment as to one or more but fewer than all of the parties or claims *** if the trial court has made an express written finding that there is no just reason for delaying either enforcement or appeal or both." For purposes of Rule 304(a), an order "must be final in the sense that it disposes of the rights of the parties, either upon the entire controversy or upon some definite and separate part thereof." *Blumenthal*, 2016 IL 118781, ¶ 25. Further, under Rule 304(b), certain types of final judgments and orders may be appealed even without a special finding, including "[a] custody or allocation of parental responsibilities judgment or modification of such judgment." Ill. S. Ct. R. 304(b)(6) (eff. March 8, 2016).

¶ 22    Jessica argues the trial court's June 2023 ruling was effectively a declaratory judgment that had the full force and effect of a final judgment and was appealable under Rule 304(a). See *Universal Underwriters Insurance Co. v. Judge & James, Ltd.*, 372 Ill. App. 3d 372,

380, 865 N.E.2d 531, 540 (2007) ("[A] declaratory judgment has the force of a final judgment with respect to the rights of the parties subject to that judgment."). Although she acknowledges that the court did not enter a Rule 304(a) special finding in connection with its June 2023 order, she contends the parties, nevertheless, treated the order "as final and enforceable." Additionally, Jessica argues the court's order was immediately appealable under Rule 304(b)(6) because it "decided on a final basis, certain issues of the parties' parental roles and responsibilities."

¶ 23       Here, the trial court's June 2023 order provided that the parties had entered into an enforceable oral agreement in April 2023. However, even if we assume that the resolution of the contract issue constituted a separate "claim" under Rule 304(a), there was no "express written finding" made by the court to make it appealable on an interlocutory basis. Ill. S. Ct. R. 304(a) (eff. Mar. 8, 2016). Accordingly, the June 2023 order was not subject to appeal under Rule 304(a).

¶ 24       Further, the trial court's June 2023 order was not a final order with respect to the modification of the allocation of parental responsibilities, which would have made it appealable under Rule 304(b)(6) even without a special finding. The oral settlement agreement that the court found was entered into by the parties only partially resolved their controversy as to the allocation of parental responsibilities. In fact, after the June 2023 order was entered, the issue of parenting time during the school year remained, and it was not finally resolved until August 21, 2023, when an agreed order was entered addressing that issue.

¶ 25       The record shows Joseph filed his notice of appeal on September 15, 2023, within 30 days of both the entry of the trial court's August 21, 2023, order, which fully resolved the parties' claims regarding the allocation of parental responsibilities, and the court's August 22, 2023, order, which addressed child support and financial issues and disposed of the parties' entire controversy. Under the circumstances presented, we find Joseph's appeal was timely filed and that

there is no merit to Jessica's claims of a lack of appellate jurisdiction.

¶ 26                                    B. Incomplete Record

¶ 27         On appeal, Jessica also argues that Joseph has failed to provide a sufficiently complete record to allow for meaningful review of his claimed errors. She contends Joseph's presentation of an incomplete record warrants the dismissal of his appeal.

¶ 28         In an appeal, the appellant must "present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record ***, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959 (1984). "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Id.* at 392. Additionally, when a hearing transcript is unavailable, an appellant may present a bystander's report, or the parties may submit an agreed-upon statement of facts. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017).

¶ 29         Here, Joseph challenges the trial court's finding that the parties entered into an enforceable oral settlement agreement on April 24, 2023. Although he attempts to characterize the issues he raises on appeal as involving questions of law that are subject to *de novo* review, it is clear that they, instead, involve questions of fact regarding what occurred before the trial court on April 24, 2023, after the parties' settlement conference. See *People v. Banks*, 2020 IL App (2d) 180509, ¶ 25, 146 N.E.3d 882 ("The trial court's factual findings regarding the existence of an oral agreement, as well as its terms and conditions, will not be disturbed unless those findings are against the manifest weight of the evidence."); *In re Marriage of Haller*, 2012 IL App (5th) 110478, ¶ 29, 980 N.E.2d 261 ("Whether a contract exists, the terms of the contract, and the intent of the parties are questions of fact to be determined by the trier of fact, and this court will not

reverse the trial court's judgment unless it is contrary to the manifest weight of the evidence.").

¶ 30 In this instance, a key issue both below and as presented by Joseph on appeal is whether the terms of a settlement were set forth in open court on April 24, 2023, and acknowledged and agreed to by the parties. Significantly, however, Joseph has failed to present transcripts of either (1) the April 24, 2023, proceedings or (2) the hearing on Jessica's motion to enforce the alleged oral settlement agreement. He has also not offered any acceptable alternative to the presentation of transcripts, such as a bystander's report or an agreed-upon statement of facts. Under the circumstances presented, we elect not to dismiss Joseph's appeal based upon the incompleteness of the record. However, consistent with the supreme court's decision in *Foutch*, 99 Ill. 2d at 391-92, we presume the trial court's June 2023 order "was in conformity with law and had a sufficient factual basis." Accordingly, we affirm the court's judgment.

¶ 31 III. CONCLUSION

¶ 32 For the reasons stated, we affirm the trial court's judgment.

¶ 33 Affirmed.