DHR INTERNATIONAL, INC., *et al.*, Plaintiffs-Appellants, v. WINSTON AND STRAWN, Defendant-Appellee (Spherion Atlantic Enterprises, LLC, *et al.*, Defendants).

First District (5th Division)    No. 1—03—0855

Opinion filed March 31, 2004.

Bollinger, Ruberry & Garvey, of Chicago (Edward F. Ruberry, Clay H. Phillips, and Terri M. Tegtman, of counsel), for appellants.

Winston & Strawn, of Chicago (Bruce L. Bower, Mary Patricia Benz, and Kurt A. Friesen, of counsel), for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Following an evidentiary hearing, the circuit court of Cook County entered an order denying a motion of plaintiffs DHR International, Inc. (DHR), and David H. Hoffman, chief executive officer and shareholder of DHR, for a preliminary injunction to stop defendant law firm Winston & Strawn (W&S) from representing defendants

Spherion Atlantic Enterprises, LLC, and Spherion Pacific Enterprises, LLC (Spherion), in an arbitration proceeding Spherion brought against DHR in New York City before the defendant American Arbitration Association (AAA), based on an alleged conflict of interest. Plaintiffs now appeal.

The record on appeal discloses the following facts. On February 18, 2003, plaintiffs filed a three-count "Complaint for Declaratory Relief and Preliminary and Permanent Injunction" against defendants. Count I sought a declaration that a conflict of interest existed arising out of W&S's representation of Spherion in an arbitration proceeding Spherion brought against DHR before the AAA in a dispute arising from an asset purchase agreement. Plaintiffs alleged that William Doyle, an attorney who joined W&S after Spherion filed its claim with the AAA, also had represented plaintiffs and that W&S failed to timely erect an ethical screen to prevent disclosure of plaintiffs' confidences to other attorneys at W&S. Count II sought to preliminarily enjoin Spherion and the AAA from moving forward with the arbitration proceeding pending resolution of the conflict of interest issue. Count III sought to permanently enjoin: W&S from further representing Spherion in the arbitration; Spherion from continuing with the arbitration so long as W&S represented it in the arbitration; and the AAA from moving forward until the alleged conflict of interest was ended.

Plaintiffs filed an emergency motion for a preliminary injunction. Although this motion is time-stamped as filed February 10, 2003, its reference to filing of the complaint and the certificate of service both suggest it was filed after the initial complaint.[1] This motion sought to preliminarily enjoin: W&S from further representing Spherion in the arbitration; Spherion from continuing with the arbitration so long as W&S represented it in the arbitration; and the AAA from moving forward until the alleged conflict of interest was ended.

On February 19, 2003, plaintiffs moved for a temporary restraining order (TRO). On February 21, 2003, the trial court found that it lacked jurisdiction over an arbitration that was to occur in New York and hence declined to order the AAA to stay the arbitration. The trial court also declined to order Spherion not to proceed. The trial court entered a TRO restraining W&S from representing Spherion in the arbitration, pending an expedited evidentiary hearing to begin on February 28, 2003.

---

[1]Plaintiffs' brief notes that the time stamp may be in error.

On March 14, 2003, following a five-day hearing on the matter, the trial court issued a written order denying the motion for a preliminary injunction for the reasons set forth by the court in court on March 10, 2003 (the order stating that a true and correct copy of that decision is annexed as an "exhibit" to the order). The attached transcript shows that the trial court found that "there was no indication nor was there any evidence really ever present that Mr. Doyle ever represented DHR." The trial court found that plaintiffs failed to show that Doyle had any specific confidential information of DHR in the Spherion matter. The trial court noted that Hoffman did not initially raise a conflict issue, though he or his agents received the statement of claim showing that Spherion was being represented by W&S. The trial court found Hoffman's testimony that he did not initially pay attention to the matter to be not credible, as Hoffman appeared to be a successful and articulate businessman who knew everything that went on in his business. The trial court further found that W&S had represented DHR, but had not represented DHR after 1998.

On March 17, 2003, plaintiffs filed a motion to voluntarily dismiss Spherion and the AAA as defendants, which the trial court granted that same day. Plaintiffs also filed their notice of interlocutory appeal to this court on that date. On March 18, 2003, plaintiffs moved for a stay of the denial of the preliminary injunction. The parties agree that the trial court denied a stay of enforcement, but do not identify where an order denying the stay appears in the record. W&S filed a motion to amend the record to include a transcript of the hearing denying the stay. In response, plaintiffs filed a motion to strike portions of W&S's brief referring to said transcript. On November 19, 2003, this court entered an order denying without prejudice a motion by W&S to dismiss the appeal as moot.

I

■ Initially, there is the issue of this court's jurisdiction over the appeal. Plaintiffs assert that this court has jurisdiction over this appeal pursuant to Supreme Court Rule 307(a)(1), which permits appeals as of right from an interlocutory order "granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction." 188 Ill. 2d R. 307(a)(1); see also 210 Ill. 2d R. 307. However, it is well established that an order regarding disqualification of counsel is neither final and appealable, nor an interlocutory ruling for injunctive relief from which a party may take an immediate appeal under Rule 307(a)(1). *In re Estate of French*, 166 Ill. 2d 95, 98-101, 651 N.E.2d

1125, 1126-28 (1995), *reaffirming Almon v. American Carloading Corp.*, 380 Ill. 524, 44 N.E.2d 592 (1942).[2]

This court has reviewed the propriety of granting a disqualification order in appeals of contempt findings based on such orders. *E.g., SK Handtool Corp. v. Dresser Industries, Inc.*, 246 Ill. App. 3d 979, 986, 619 N.E.2d 1282, 1286 (1993); *Index Futures Group, Inc. v. Street*, 163 Ill. App. 3d 654, 657, 516 N.E.2d 890, 892-93 (1987). In *Hasco, Inc. v. Roche*, 299 Ill. App. 3d 118, 123-24, 700 N.E.2d 768, 772 (1998), this court reviewed an order granting permanent injunctive relief that effectively disqualified opposing counsel in an arbitration proceeding, reasoning that the permanent injunction was a final appealable order. In *Hannan v. Watt*, 147 Ill. App. 3d 456, 458, 497 N.E.2d 1307, 1308 (1986), this court reviewed the denial of a preliminary injunction effectively seeking disqualification of opposing counsel in seniority list integration proceedings, but this court did not expressly address its jurisdiction therein and the order reviewed also dismissed the complaint.[3]

In this case, plaintiffs seek review of an order denying a preliminary injunction that effectively sought disqualification of opposing counsel in an arbitration, but the complaint was not dismissed. Without considering whether *Hasco* or *Hannan* is consistent with *Estate of French*, this case does not fall within the scope of cases where this court has reviewed effective disqualification orders. Accordingly, following *Estate of French*, this court lacks jurisdiction to hear this appeal under Rule 307(a)(1).

---

[2]*Estate of French* also implies that a disqualification order does not dispose of the rights of the parties, either upon the entire controversy or some definite and separate part thereof. See *Estate of French*, 166 Ill. 2d at 101-02, 651 N.E.2d at 1128. "[A] disqualification order grants no relief with respect to the substantive merits of a claim between the parties that has been raised in the actual controversy between them." *Estate of French*, 166 Ill. 2d at 102, 651 N.E.2d at 1129. Indeed, *Estate of French* suggests that disqualification orders should not be considered injunctive in nature. See *Estate of French*, 166 Ill. 2d at 100, 651 N.E.2d at 1128, citing *Almgren v. Rush-Presbyterian-St. Luke's Medical Center*, 162 Ill. 2d 205, 642 N.E.2d 1264 (1994).

[3]During oral argument, plaintiffs' counsel cited *Westinghouse Electric Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311, 1312 (7th Cir. 1978), as an example of a case where a trial court denied disqualification, but was reversed on appeal. However, the United States Supreme Court later held that an order denying a motion to disqualify counsel is a collateral order not appealable prior to final judgment in the underlying litigation. *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379, 66 L. Ed. 2d 571, 581, 101 S. Ct. 669, 676 (1981). *Estate of French* also noted that this is the law in federal court proceedings. *Estate of French*, 166 Ill. 2d at 103-04, 651 N.E.2d at 1129-30.

We note that after its decision in *Estate of French*, the Illinois Supreme Court amended Supreme Court Rule 306 to allow for permissive appeals of orders granting motions to disqualify counsel. 166 Ill. 2d R. 306(a)(7) (amended eff. March 26, 1996). Plaintiffs could have argued (though they did not) that even if the order at issue is nonfinal, this court should nevertheless consider whether to hear the case under Rule 306. *Cf. In re Curtis B.*, 203 Ill. 2d 53, 63, 784 N.E.2d 219, 225 (2002) (nonfinal permanency order in child custody proceedings remanded to appellate court for consideration under Rule 306(a)(5)). However, *Curtis B.* involved Rule 306(a)(5), the broad language of which the supreme court noted plainly encompassed permanency orders. *Curtis B.*, 203 Ill. 2d at 61, 784 N.E.2d at 224. In contrast, the plain language of Rule 306(a)(7) does *not* expressly refer to orders *denying* motions to disqualify counsel. Other provisions of Rule 306 demonstrate that the supreme court will specify that jurisdiction may extend to the denial of certain orders where the supreme court so intends. 210 Ill. 2d Rs. 306(a)(2) (allowing appeal from grant or denial of dismissal based on *forum non conveniens*), 306(a)(4) (allowing appeal from grant or denial of certain other motions for transfer of venue). Indeed, Rule 307(a)(1)—the very rule plaintiffs rely upon—expressly refers to orders granting or refusing injunctive relief. 188 Ill. 2d R. 307(a)(1); see also 210 Ill. 2d R. 307.

Moreover, in *Curtis B.*, the case was remanded to this court for consideration under Rule 306(a)(5) because the statute purporting to make the permanency order final was not struck down as unconstitutional by this court prior to the appeal. *Curtis B.*, 203 Ill. 2d at 63, 784 N.E.2d at 225. In contrast, *Estate of French* reaffirms a rule of jurisdiction set forth in 1942. The law did not change while this case was on appeal.[4]

---

[4]We note that plaintiffs initially sought to enjoin the arbitration proceedings. Thus, a liberal construction of the pleadings might have led this court to view the pleadings as a motion to stay arbitration under section 2 of the Uniform Arbitration Act. 710 ILCS 5/2 (West 2000). The denial of such a motion in some cases might arguably be analogous to a denial of injunctive relief appealable under Supreme Court Rule 307(a)(1). See *Notaro v. Nor-Evan Corp.*, 98 Ill. 2d 268, 456 N.E.2d 93 (1983). In this case, however, the trial court refused to enter a TRO against the arbitration proceedings in New York on the ground that the court lacked jurisdiction to do so. Plaintiffs did not appeal that order under Rule 307 and had the trial court dismiss Spherion and the AAA as defendants in this case. Thus, this court does not address issues relating to that issue.

In short, this court does not have jurisdiction of this case under Rule 307(a)(1). Nor is this the only jurisdictional problem with this case. There is also the issue of mootness, which W&S first raised in its motion to dismiss. A case on appeal becomes moot where events occurring after the filing of the appeal render it impossible for the appellate court to grant the complaining party effectual relief. *In re A Minor*, 127 Ill. 2d 247, 255, 537 N.E.2d 292, 295 (1989). In this case, defendant's motion states that the underlying arbitration went forward beginning on July 7, 2003. Defendant's motion states that on October 21, 2003, the arbitration panel issued a partial final award, which included $982,516 to be paid to Spherion, as well as declaratory relief providing for future payments depending on DHR's financial performance. The award states that it retains jurisdiction solely on the issue of attorney fees.

Plaintiffs respond that the appeal is not moot because the arbitration panel has not entered a full final award, which has not been reduced to a judgment or collected. Plaintiffs state that DHR recently discovered correspondence from an associate at Doyle's former firm (attached as an exhibit to the response), asking DHR's chief financial officer for copies of the shareholder agreement, bylaws, the most recent annual minutes where directors and officers were elected, and the most recent balance sheet. Plaintiff argues in the alternative that even if the case is moot, it qualifies for review as involving a question of great public interest based on: (1) the public nature of the question, (2) the desirability of an authoritative determination for the purpose of guiding public officers, and (3) the likelihood that the question will generally recur. *A Minor*, 127 Ill. 2d at 257, 537 N.E.2d at 296.

The determination of attorney fees, like disqualification, is an issue collateral to the merits of the arbitration. DHR lost the arbitration of the merits; curiously, plaintiffs in this case have failed to point to any unfair prejudice arising from W&S's representation of Spherion in the arbitration. Plaintiffs' exhibit shows a request for DHR's balance sheet and other documents, but this letter goes to the issue of whether the decision should be reconsidered, not whether the action is moot.

Nor would this case appear to fall within the public interest exception to the mootness doctrine. Plaintiffs were refused a *preliminary* injunction. Plaintiffs fail to explain how an opinion on the denial of *preliminary* relief, including an assessment of plaintiffs' *likelihood* of success, would provide an *authoritative* determination of the conflict issue.

In addition, while this case did not progress to the stage where W&S may have filed a motion to dismiss pursuant to section 2—619(a)(9) of the Code (735 ILCS 5/2—619(a)(9) (West 2000)), we

note in passing that Hoffman's standing in this case could be questioned, as he was not a party to the arbitration. It is the secrets and confidences of DHR, a separate corporate entity, that are allegedly in danger of being used or disclosed. Neither party has suggested this is a case where the corporate veil is likely to be pierced. During oral argument, plaintiffs' counsel suggested that Hoffman had standing to sue to protect his attorney-client privilege. Such a response assumes that Hoffman's personal secrets and confidences were in danger of being disclosed in the arbitration proceeding. There is no support in the record for that assumption.[5]

We further note that section 7.12 of the asset purchase agreement at the heart of the underlying dispute provides for arbitration to occur in New York (absent an agreement of the parties to the contrary), and section 7.13 of the asset purchase agreement provides in part:

> "All actions or proceedings arising in connection with this Agreement for preliminary or injunctive relief or matters not subject to arbitration, if any, shall be tried and litigated exclusively in the state or federal court located in New York City, New York. The aforementioned choice of venue is intended by the parties to be mandatory and not permissive in nature, thereby precluding the possibility of litigation between the parties with respect to or arising out of this Agreement in any jurisdiction other than specified in this paragraph. Each party hereby waives any right it may have to assert the doctrine of *forum non conveniens* or similar doctrines or object to venue with respect to any proceeding brought in accordance with this paragraph, and stipulates that the State and Federal located in the shall have *in personam* jurisdiction over each of them for the purpose of litigating any such dispute, controversy or proceeding." (Words missing in last sentence in original).

Where the parties have expressly agreed to arbitrate in another state, Illinois courts lack subject matter jurisdiction over judicial proceedings pertaining to the award, even where a party has acquiesced in holding the arbitration in Illinois. *Chicago Southshore & South Bend R.R. v. Northern Indiana Commuter Transportation District*, 184 Ill. 2d 151, 152, 703 N.E.2d 7, 8 (1998).

---

[5]Regarding DHR's secrets and confidences, we note in passing that, in connection with the asset purchase, Spherion and DHR had entered into a confidentiality agreement (later amended) permitting the mutual disclosure of confidential information. At the hearing on the motion for a preliminary injunction, Hoffman testified that he did not know whether DHR gave Spherion its balance sheets and income statements under the confidentiality agreement, but he "would guess that we gave them a lot more information than that."

The defendant in *Chicago Southshore & South Bend R.R.*, 184 Ill. 2d at 158, 703 N.E.2d at 11, "steadfastly opposed the exercise of subject matter jurisdiction by the Illinois trial court," which did not occur in this case. Although subject matter jurisdiction cannot be waived, the defendant's objection may have been significant because *Chicago Southshore & South Bend R.R.* rests in part on section 16 of the Uniform Arbitration Act, which provides that "[t]he making of an agreement *** *providing for arbitration in this State* confers jurisdiction on the court to enforce the agreement under this Act and to enter judgment on an award thereunder." (Emphasis added.) 710 ILCS 5/16 (West 2000). In creating rights and duties unknown at common law, the legislature was free to limit the circuit courts' jurisdiction over arbitration matters. See *Board of Education of Warren Township High School District 121 v. Warren Township High School Federation of Teachers, Local 504*, 128 Ill. 2d 155, 166, 538 N.E.2d 524, 529 (1989) (discussing arbitration under Illinois Educational Labor Relations Act). However, the supreme court's reference in *Chicago Southshore & South Bend R.R.* to the objection suggests that it views the Uniform Arbitration Act as creating "justiciable matter" over which the circuit court has original jurisdiction under the Illinois Constitution of 1970 and that a failure to comply with a jurisdictional limit may be the subject of an objection, but does not by itself divest the circuit court of that jurisdiction. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A.*, 199 Ill. 2d 325, 340, 770 N.E.2d 177, 188 (2002). Thus, in this case, Winston & Strawn might have been able to object to the proceedings here based on section 16 of the Uniform Arbitration Act, but waived that objection by failing to lodge it in the circuit court.

■ In sum, an order refusing to disqualify counsel is not final or the sort of injunctive relief immediately appealable as a matter of right under Rule 307(a). The plaintiffs have not raised the sort of issues that would weigh in favor of granting an appeal under Rule 306(a)(7), particularly given that the case law already firmly established the nonappealability of the order. In addition, the matter is moot in light of the arbitrator's determination of the merits of the dispute.

For all of the aforementioned reasons, the case is dismissed for lack of jurisdiction.

Dismissed.

REID and HARTIGAN, JJ., concur.