THIRD DIVISION
AUGUST 29, 2007

1-04-3740

| | | |
|---|---|---|
| JAMES COSTELLO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 03 M6 4332 |
| | ) | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | ) | Honorable |
| | ) | Edward A. Antonietti, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE CUNNINGHAM delivered the opinion of the court:

Liberty Mutual Fire Insurance Company (Liberty Mutual) appeals from an order of the circuit court of Cook County granting James Costello's motion for judgment on the Arbitrator's award. On appeal, Liberty Mutual argues that the trial court erred by: (1) entering judgment on the Arbitrators award; (2) finding that Illinois law applied to the trial court proceedings; and 3) holding that the trial *de novo* clause of the policy was void and against public policy. For the following reasons we reverse the trial court and remand for further proceedings.

James Costello is an Indiana resident who purchased automobile insurance through Liberty Mutual, which is headquartered in Massachusetts, but does business in Indiana and Illinois. Included in the policy was a provision for damages inflicted by underinsured motorists. Under the endorsement entitled "underinsured motorist coverage," there was an arbitration endorsement which provided as follows:

"Arbitration

A.    If we and an 'insured' do not agree:

    1.    Whether that 'insured' is legally entitled to recover

damages; or

    2.    As to the amount of damages which are recoverable by that 'insured'; from the owner or operator of an 'uninsured motor vehicle,' then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Both parties must agree to arbitration. If so agreed, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction.

B.    Each party will:

    1.    Pay the expenses it incurs; and

    2.    Bear the expenses of the third arbitrator equally.

C.    Unless both parties agree otherwise, arbitration will take place in the county in which the 'insured' lives. **Local rules of law as to procedure and evidence will apply.** [Emphasis added] A decision agreed to by two of the arbitrators will be binding as to:

    1.    Whether the 'insured' is legally entitled to recover damages; and

2. The amount of damages. This applies only if the amount does not exceed the minimum limit for liability specified by the financial responsibility law of Indiana. If the amount exceeds that limit, either party may demand the right to a trial. This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount agreed to by the arbitrators will be binding."

On August 27, 1998, Costello was involved in an automobile accident in Hinsdale, Illinois with an underinsured motorist. Liberty Mutual's policy provided $300,000 in underinsured motorist coverage. Costello sustained injuries in excess of the other driver's $50,000 insurance coverage and filed a demand on Liberty Mutual for payment of the balance of his underinsured motorist coverage. Liberty Mutual subsequently denied the request and Costello demanded arbitration pursuant to his policy. At Liberty Mutual's request, Costello agreed to hold the arbitration proceedings in Illinois.

Liberty Mutual and Costello each appointed an arbitrator but those arbitrators were unable to agree on the appointment of a third arbitrator. Costello then filed an action in the circuit court of Cook County pursuant to section 155 of the Illinois Insurance Code (215 ILCS 5/155 (West 2002)) seeking damages for vexatious delay. The court subsequently appointed a third arbitrator pursuant to a stipulation of both parties. The matter went through arbitration and the panel ultimately set the damages at $140,000. The panel offset the award with the $50,000 policy of the underinsured motorist, making Liberty Mutual liable for $90,000.

Costello filed a request to confirm the award and amend his section 155 complaint. Liberty Mutual subsequently filed a motion with the circuit court of Cook County demanding a trial by jury and notified Costello of this motion by letter. Liberty Mutual asserted in its motion that under Indiana Law and Costello's policy, it had the right to demand a jury trial (a trial *de novo*) if the award exceeded the minimum $25,000 underinsured motorist coverage required by Indiana law. Liberty Mutual also filed a motion for summary judgment on the section 155 claim. Costello responded to the motion and contended that Illinois law applied to the trial court proceedings under the policy language.

The trial court held that Illinois law as to procedure and law applied to the proceeding; the "trial *de novo*" clause was void under Illinois law, denied Liberty Mutual's motion for summary judgment, and confirmed the arbitration award. The trial court also allowed Costello to continue to litigate his section 155 claim while this order was appealed, finding pursuant to Supreme Court Rule 304(a) that there was no reason to delay the appeal. 134 Ill. 2d Rule 304(a). Liberty Mutual now appeals the order of the trial court.

We will not address the trial *de novo* issue on appeal because of our decision concerning the choice of law issue. However, we do recognize that the law in Illinois is unsettled as to the validity of a trial *de novo* clause. Zappia v. St. Paul Fire and Marine Insurance Co., 364 Ill. App. 3d 883, 884-88, 847 N.E.2d 597, 598-601 (1st Dist. 2006); Shultz v. Atlantic Mutual Insurance Co., 367 Ill. App. 3d 1, 16, 853 N.E.2d 94, 107 (1st Dist. 2006) (dictum); contra Samek v. Liberty Mutual Fire Insurance Co., 341 Ill. App. 3d 1045, 1051, 793 N.E.2d 62, 66 (1st Dist. 2003); Parker v. American Family Insurance Co., 315 Ill App. 3d 431, 435, 734 N.E.2d 83, 86 (3rd Dist. 2000); Fireman's Fund

Insurance Cos. v. Bugailiskis, 278 Ill. App. 3d 19, 24, 662 N.E.2d 555, 558 (2nd Dist. 1996).

Subject Matter Jurisdiction

Liberty Mutual first contends that the Illinois courts have no subject matter jurisdiction over this matter because Illinois lacks the necessary connections to this case. Liberty Mutual argues that the Indiana courts have sole jurisdiction because the parties entered into the contract in Indiana, the plaintiff is an Indiana resident, the insurable subject matter is in Indiana, and the contract only refers to Indiana law. Costello argues that Liberty Mutual waived the objection to subject matter jurisdiction by not raising it at the trial court level and alternatively that jurisdiction is proper pursuant to the policy.

Usually, subject matter jurisdiction cannot be waived; however, the court in DHR International, Inc. v. Winston & Strawn, 347 Ill. App. 3d 642, 649, 807 N.E.2d 1094, 1100 (2004) held that an objection to subject matter jurisdiction was waived when a party failed to object to proceedings at the trial court where subject matter jurisdiction was based on section 16 of the Uniform Arbitration Act. 710 ILCS 5/16 (West 2002). Liberty Mutual failed to object to subject matter jurisdiction in the trial court and the issue is therefore waived. Even assuming that the objection was not waived, the Illinois courts still have proper subject matter jurisdiction.

Subject matter jurisdiction is proper pursuant to the insurance policy and the language from the adopted portions of the Uniform Arbitration Act. Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceeding belongs. Belleville Toyota, Inc. v. Toyota Motor Sales, USA., Inc., et al., 199 Ill. 2d 325, 334, 770 N.E.2d 177, 184 (2002). Under section 9 of article VI of the Illinois Constitution, jurisdiction extends to all

"justiciable matters." Ill. Const. 1970, art. VI, §9. Thus in order to invoke the subject matter jurisdiction of the circuit court, a plaintiff's case as framed by the compliant or petition, must present a justiciable matter. Bellville Toyota, Inc., 199 Ill. 2d at 334, 770 N.E.2d at 184. The Supreme Court in Chicago Southshore & South Bend R.R. v. Northern Indiana Commuter Transportation District,184 Ill. 2d. 151, 152, 703 N.E.2d 7 (1998) suggests and this court has held in DHR International Inc. v. Winston and Strawn, 347 Ill. App. 3d at 649, 807 N.E.2d at 1100 and Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., 199 Ill. 2d at 340, 770 N.E.2d at 188, that the version of the Uniform Arbitration Act adopted in Illinois creates a "justiciable matter" over which the circuit court has jurisdiction under the Illinois Constitution of 1970.

Under section 16 of the Uniform Arbitration Act, "[t]he making of an agreement described in Section 1 providing for arbitration in this state confers jurisdiction on the court to enforce the agreement under this Act and to enter judgment on an award thereunder. 710 ILCS 5/16 (West 2002). Accordingly, under the plain language of the statute, the parties' written agreement must provide for arbitration in Illinois in order for Illinois courts to exercise jurisdiction to confirm an arbitration award. Chicago South Shore & Southbend R.R., 184 Ill. 2d at 155-56, 703 N.E.2d at 9.

In this case, the insurance policy contained the following provision regarding arbitration location: "Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to procedure and evidence will apply." This clause permits the insured and insurer to agree to arbitrate in any state. In this case, Costello and Liberty Mutual both agreed to arbitrate the matter in Illinois. Because the policy therefore provided for arbitration in Illinois, it conferred jurisdiction on Illinois pursuant to section 16.

6

Contrary to Liberty Mutual's assertion, the facts in this case differ significantly from the facts in Chicago SouthShore & Southbend R.R. In that case, the arbitration agreement expressly stipulated that the arbitration was to be held in Indiana but the parties later agreed to proceed in Illinois. Chicago SouthShore & Southbend R.R., 184 Ill. 2d at 153, 703 N.E.2d at 9. Our Supreme Court held that the Illinois courts lacked jurisdiction because the parties expressly agreed to arbitrate in another state. Chicago SouthShore & Southbend R.R., 184 Ill. 2d at 158, 703 N.E.2d at 11. But, the insurance policy in this case does not contain that restrictive language and confers jurisdiction upon any county, and therefore any state, that both parties choose. The Illinois courts have proper subject matter jurisdiction to hear this matter.

Choice of Law

The second matter to be decided is whether Illinois or Indiana law applies. This court reviews a trial court's decision on a choice of law provision *de novo*. Sterling Finance Management, L.P. v. UBS PaineWebber, Inc., 336 Ill. App. 3d 442, 447, 782 N.E.2d 895, 899 (2002). Liberty Mutual argues that under the Illinois most significant contacts test, Indiana law applies because Indiana has the most significant contacts with the policy. Costello argues that although the policy does not contain a typical choice of law provision; its arbitration endorsement contains an ambiguous choice of law provision that should be construed against Liberty Mutual. Costello also contends that Illinois has the most significant contacts with the insurance policy because the accident and subsequent arbitration proceedings occurred in Illinois.

In the absence of a choice of law provision in an agreement , the general choice of law rules of the forum state clearly control. Diamond State Insurance Co. v. Chester-Jensen Co., Inc., 243 Ill.

7

App. 3d 471, 485, 611 N.E.2d 1083, 1093 (1993). In this case, we find no valid general choice of law provision in the policy. Costello argues that the language in the arbitration endorsement, although ambiguous, constitutes a valid yet ambiguous choice of law provision. The pertinent sentence provides for the application of local rules and law on procedure and evidence. But this language clearly is limited to arbitration proceedings. Therefore, without a choice of law provision, the general choice of law rules for the forum state, Illinois, controls. Diamond State Insurance Company, 243 Ill. App. 3d at 485, 611 N.E.2d at 1093. The "most significant contacts" test is used in Illinois to determine this question. Diamond State Insurance Co., 243 Ill. App. 3d at 486, 611 N.E.2d at 1093. Pursuant to this test, insurance policies are "governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to the contract, the place of performance, or other place bearing a rational relationship to the general contract. Westchester Fire Insurance Co. v. G. Heilman Brewing Co., 321 Ill. App. 3d 622, 629, 747 N.E.2d 955, 961 (2001). The factors considered under this approach should be "evaluated in light of the relevant policies of the forum and other interested states and those states' interest in the issue." Diamond State Insurance Co., 243 Ill. App. 3d at 486, 611 N.E.2d at 1094. Unless some other state has a more significant relationship to the transaction, an automobile policy will be governed by the state where the car was intended to be principally located, even if the car is occasionally located somewhere else. Western States Insurance Co. v. Zschau, 298 Ill. App. 3d 214, 223, 698 N.E.2d 198, 204 (1998).

As to the significant contacts, Costello is an Indiana resident and purchased the policy from Liberty Mutual, a corporation headquartered in Massachusetts, through its Indiana agents. The

subject matter being insured, Costello's car, is principally located in Indiana. The contract was signed and delivered in the state of Indiana. All material contact between Costello and Liberty Mutual occurred in Indiana prior to the accident that gave rise to the claim. However, the accident between Costello and the underinsured motorist occurred in Illinois and both parties agreed to arbitrate the underinsured motorist claim in the state of Illinois.

We find that Indiana has more significant contacts to the policy than Illinois. Most of the significant acts that bear a rational relationship to this policy occurred in Indiana. Illinois does have an interest in this matter because the accident and subsequent arbitration occurred in Illinois; however, these factors are not dispositive in our analysis. Both parties entered into the policy in Indiana to cover a car principally located in the state of Indiana. Indiana has more significant contacts to the policy and therefore, Indiana law governs this policy.

For the foregoing reasons, we reverse the order of the circuit court of Cook County and remand for further proceedings.

Reversed and remanded.

THEIS, P.J. and GREIMAN, J., concur.